NOT DESIGNATED FOR PUBLICATION

No. 129,236

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN MITCHELL FORTNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JACOB PETERSON, judge. Submitted without oral argument. Opinion filed April 10, 2026. Affirmed.

*Alexander C. Driskell*, of Allen & Associates Law, of Minneapolis, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., ARNOLD-BURGER and SCHROEDER, JJ.

PER CURIAM: Steven Mitchell Fortner appeals the district court's revocation of his probation and imposition of his underlying jail term. After reviewing the record and finding no abuse of discretion, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In May 2023, the State charged Steven Fortner with felony theft for acts occurring in April 2023. In February 2024, the State amended Fortner's charge to a single count of

1

misdemeanor theft. Later that month Fortner pleaded no contest, and the district court found him guilty.

The district court sentenced Fortner to 12 months in jail but suspended it to 12 months of supervised probation. Among other things, the conditions of Fortner's probation included: pay court costs, fees, and restitution; refrain from drugs and alcohol; submit to breath, blood, and urinalysis (UA) testing; gain and/or maintain employment; report to his supervising officer as directed; and not violate the law.

Less than five months later, the State moved to revoke Fortner's probation for repeatedly failing to report as directed and failing to make payments to the court as directed. At the probation revocation hearing, Fortner stipulated to the violations, and the district court found that Fortner failed to report to his court service officer as directed. The district court revoked Fortner's probation and reinstated it for 12 months, transferring supervision to community corrections, subject to all previously imposed conditions. The district court imposed an eight-day jail sanction and gave him credit for time served.

In April 2025, the State again moved to revoke Fortner's probation. Fortner's Intensive Supervision Officer (ISO) alleged that Fortner had tested positive for drug/alcohol use 16 times, missed 13 UA appointments, and missed 5 scheduled appointments with the ISO.

Fortner stipulated to the violations alleged by the State, and the district court found that Fortner materially violated the terms and conditions of his probation by failing to refrain from drug/alcohol usage, failing to report for random UA testing, and failing to report as directed.

The State asked the court to remand Fortner to serve his underlying sentence. In support, the State noted that he had previously been sanctioned and reinstated on

probation. The State argued that the district court had previously advised Fortner of the grace it had extended in allowing him to remain on probation. The State also argued Fortner had repeatedly failed to comply with UA testing and to remain drug and alcohol free.

Fortner's counsel requested that the court terminate Fortner's probation as successful or impose a jail sanction and reinstate probation. Counsel claimed that Fortner had paid off all costs associated with his cases, completed treatment, and incurred no new criminal cases, but also acknowledged Fortner had missed appointments. Counsel argued that Fortner completed the "hard things" and had already served at least three sanctions for missed UAs, so he had experienced some measure of punishment, suggesting further incarceration would be a waste of State resources. Fortner also addressed the court personally, taking accountability for his mistakes, and sharing that his focus had been on working and that was the reason for his missed appointments.

The district court judge first noted that he disagreed with Fortner's characterizations of the violations being technical, stating that not refraining from drug and alcohol usage, not submitting UAs, and not reporting for appointments were not simply technical violations. The judge reminded Fortner that, at sentencing, the court had warned him that he "had to do better on probation." The judge noted that he had previously stressed that reporting was one of the most important probation obligations, yet Fortner failed to comply. The judge also stated that Fortner missed at least 5 appointments and 10 to 12 UAs. The judge explained that other probationers submit UAs while maintaining employment. Concluding that Fortner would not succeed on probation, the district court denied Fortner's motion to discharge successfully and revoked his probation.

Fortner timely appealed.

DISCUSSION

On appeal, Fortner does not challenge the district court's finding that he violated the terms of his probation. Instead, he challenges the sanction imposed—a remand to serve the balance of his sentence. According to Fortner, a reasonable person would have considered the technical nature of the violations and his rehabilitative progress before imposing one year of incarceration in county jail.

Once the State establishes that a probation violation occurred, the decision whether to revoke probation rests in the sound discretion of the district court unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). As a discretionary decision, we review the case to determine whether the court abused its discretion. 315 Kan. at 328. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). As the party asserting the district court abused its discretion, Fortner bears the burden of showing such abuse of discretion. See *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Fortner does not claim that the district court committed an error of law or fact. He only challenges the reasonableness of the court's decision. The question is not whether this panel would have reached a different decision but whether no reasonable person would have agreed with the district court's decision.

Although Fortner and the district court disagreed as to whether his violations were merely "technical," this court has made clear that "just because a probation violation is labeled as only a 'technical' one does not mean it is unimportant. Some can be quite significant." *State v. Brown*, 51 Kan. App. 2d 876, 880, 357 P.3d 296 (2015). This is particularly true here, where the district court had previously emphasized to Fortner the

4

importance of attending appointments with his supervising officer and doing better on probation. Yet Fortner missed UA appointments, missed appointments with his probation officer, continued to test positive for drug and alcohol use, and failed to achieve 90 days without a violation. His unwillingness to comply with the conditions of probation continued even after the district court imposed an 8-day jail sanction and reinstated his probation for 12 months.

Fortner admitted to each of the probation violations. Although the district court considered his arguments for leniency, it ultimately found them unpersuasive. While some might view Fortner's circumstances sympathetically, we cannot conclude that no reasonable person would agree with the district court's decision to revoke probation and order him to serve the underlying jail sentence. Fortner has not shown that the district court acted unreasonably. Accordingly, the district court did not abuse its discretion in revoking Fortner's probation.

Affirmed.